IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 91-20075-KHV |
| GREGORY B. ROSE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 91-20076-KHV |
| GEOFFREY ROSE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

On June 27, 2006, the Court dismissed the indictments against defendants. See Doc. #26. This matter is now before the Court on the government's Application For Stay Of Court's Memorandum And Order (Doc. # 27) filed June 27, 2006 and Motion To Reconsider Order Of Dismissal (Doc. #28) filed June 30, 2006.

**Factual Background**

The Court incorporates the background information set forth in its Memorandum And Order (Doc. #26) filed June 27, 2006. On November 6, 1991, a grand jury returned an indictment which

charged Gregory Rose with possession with intent to distribute marijuana, possession of an unregistered firearm, possession of an unregistered firearm designed to shoot automatically and unlawful storage of explosive material. In a separate indictment, the grand jury charged Geoffrey Rose with possession with intent to distribute marijuana, possession of an unregistered firearm and unlawful storage of explosive material. Between the return of the indictments and January of 2006, the government was unsuccessful in locating defendants.

In January of 2006, Deputy United States Marshal Matt Cahill located defendants' residence in Datil, New Mexico, where they had resided for eight years. Cahill did so by using "garden variety tried and true" investigative techniques which had been available to law enforcement for decades.[1] On February 17, 2006, agents obtained consent to search defendants' residence in New Mexico and found firearms, weapons, body armor, explosive material, a marijuana-growing operation (including 36 marijuana plants), $2,500 and gold and silver coins. Agents arrested both Gregory Rose and Geoffrey Rose.

On February 21, 2006, the U.S. Attorney filed a motion to unseal the indictments, which the Court granted. On February 22, 2006, in the District of New Mexico, The Honorable Richard L. Puglisi held a detention hearing for each defendant. Judge Puglisi remanded each defendant into custody and ordered him committed to the District of Kansas. Each defendant filed a motion to dismiss the indictment based on

---

[1] In the current motions, the government now contends that Cahill's "efforts were fruitful because [Gregory Rose's] true name was utilized in an instance that revealed a mistake, which was due to the intervening years from the search warrant and the attention to such details was not of as much concern." Motion To Reconsider (Doc. #28) at 8. The government presented no such evidence at the evidentiary hearings on June 8 and 13, 2006. Indeed, in response to defense counsel's statement, "They weren't using their real names when you made it a priority and you found them," Cahill responded, "That's correct."

violation of speedy trial rights. On June 8 and 13, 2006, the Court held an evidentiary hearing on the motions. On June 27, 2006, the Court dismissed the indictments. The government seeks reconsideration to prevent clear error or prevent manifest injustice, arguing that (1) the delay in each defendant's arrest was attributable to him; (2) the government made reasonable efforts to apprehend each defendant; (3) a reasonable inference can be drawn that neither defendant timely asserted his right to a speedy trial; and (4) the length of delay is not prejudicial.

## Analysis

### I. Motion To Reconsider

The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. See Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, rehash arguments, or dress up arguments that previously failed. See Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan. 1994). Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).

Under the Sixth Amendment to the United States Constitution, an accused shall enjoy the right to a speedy trial. In Barker v. Wingo, 407 U.S. 514 (1972), the Supreme Court set forth four factors to consider when determining whether defendant has been deprived of his right to a speedy trial: (1) length of delay; (2) reason for delay; (3) defendant's assertion of the right; and (4) prejudice to defendant. When

an indictment has been sealed, the U.S. Attorney bears the burden to bring the case to trial in a speedy fashion. United States v. Shelton, 820 F. Supp. 461, 465 (W.D. Mo. 1992).

### A. Reason For Delay/Reasonable Attempts

The government first argues that the Court committed clear error in finding that the reason for delay was due to minimal and perfunctory efforts to apprehend defendants. Specifically, the government argues that (1) agents drove by the residence of defendants' mother an unknown number of times; (2) agents conducted surveillance on defendants' mother's residence over holidays; (3) officers from the Johnson County Sheriff's Office and Merriam Police Department "would have made similar efforts"; (4) the Johnson County Sheriff's Office and Merriam Police Department retrieved trash from the residence looking for clues of defendants' whereabouts; and (5) Cahill only located defendants because he selected "the correct time to locate the defendant, which corresponded to a mistaken use of [Gregory Rose's] true name," not because he made it a higher priority. Motion To Reconsider Order Of Dismissal (Doc. #28) at 8. In making these arguments, the government relies on some facts which it never presented in evidence. The record does not reflect how often agents conducted surveillance on holidays. The government did not call any officers from the Johnson County Sheriff's Office or the Merriam Police Department to testify about their efforts to apprehend defendants or search trash. The Court is left to speculate as to the extent of their efforts, which it declines to do. Furthermore, the government's argument that Cahill only found defendants because he happened to hit on the right time to search misstates the testimony at the evidentiary hearing. Cahill made no such statement, and he acknowledged that he found defendants even though they were not using their real names. The Court concludes that it has not committed clear error in finding that the delay between 1994 and December of 2005 was attributable to the government.

### B.     Assertion Of Speedy Trial Rights

The government argues that defendants' acts to conceal their true identities support the conclusion that defendants knew that charges were pending against them and that the Court did not appear to consider this under this factor. As the Court previously stated, defendants may have been avoiding arrest. On the other hand, defendants may have assumed, after a period of time, that danger of indictment had passed. Carl Cornwell, counsel for defendants, contacted the government on multiple occasions to determine the status of the case. The record, however, shows that the government stopped responding to Cornwell's inquiries. Moreover, the government sealed the indictment, making it more difficult to ascertain whether an indictment had indeed been returned. Without citation to case law, the government seeks to require defendants to make indefinite inquiries over an indefinite period of time to assert their speedy trial rights. The Court declines to adopt any such requirement. The evidence presented on this issue points both ways, and the Court cannot agree that its ruling was in clear error or creates manifest injustice.

### C.     Prejudice To Defendant

The government argues that agents made diligent efforts to apprehend defendants, that they have not shown actual prejudice, and that therefore no speedy trial violation occurred. Prejudice to defendant is one of the most critical factors.

As noted in the Court's previous rulings, prejudice should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. Barker v. Wingo, 407 U.S. 514, 532 (1972). The Supreme Court has identified three such interests: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." Id. (citations omitted). Of these, the most serious is the last, because

defendants' inability to adequately defend skews the fairness of the entire system.  Id.

The government does not discuss the Supreme Court's statement in Doggett v. United States, 505 U.S. 647, 652 (1992), that "excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or . . . identify,"505 U.S. at 655, or the Tenth Circuit's conclusion that in cases of extreme delay, a defendant need not present specific evidence of prejudice, Jackson v. Ray, 390 F.3d at 1263.  Instead, the government relies on its own conclusion that it made diligent efforts to locate defendants and therefore defendants must show actual prejudice.  The Court disagrees and is not persuaded that it committed clear error in its rulings.  Here, the delay between indictment and arrest is 14 years.  The government cites no cases with such an extraordinary delay, and the Court's research does not reveal any.  The Court stands on its conclusion that prejudice is presumed and defendants need not present evidence of actual prejudice.

## II.    Application For Stay Of Court's Memorandum And Order

On June 27, 2006, the government filed an Application For Stay Of Court's Memorandum And Order (Doc. #27), requesting that the Court stay the order of dismissal.  The government seeks the stay for an unspecified period time so that it may evaluate the merits of an appeal, take steps to perfect an appeal and file a motion to reconsider.  The government has filed its motion to reconsider, which the Court has addressed in this order and now overrules.  The government has had time to evaluate the merits of an appeal and initiate steps for an appeal.  The Court therefore overrules the application for stay, and orders this case dismissed.

**IT IS THEREFORE ORDERED** that the government's Motion To Reconsider Order Of Dismissal (Doc. #28) filed June 30, 2006 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that the government's Application For Stay Of Court's Memorandum And Order (Doc. # 27) filed June 27, 2006 be and hereby is **OVERRULED**.

Dated this 14th day of July, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge